IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN LERTZMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | NO.  10-0274 |

### REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                                                            MARCH 12, 2010
UNITED STATES MAGISTRATE JUDGE

     Before the Court is a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Allen Lertzman.  Petitioner is incarcerated at the State Correctional Institution in Greensburg, Pennsylvania ("SCI-Greensburg").  For the reasons which follow, the habeas petition should be transferred to the United States District Court for the Western District of Pennsylvania.

### DISCUSSION

     Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

See Harris v. Pa. Bd. of Probat'n and Parole, 2009 WL 3151191, *1 (E.D. Pa. Sep. 28, 2009) (quoting § 2241(d)); Gellock v. Freeman, 1987 WL 7208, *1 (E.D. Pa. Feb. 27, 1987).  In this case, petitioner is incarcerated at the State Correctional Institution in Greensburg, Pennsylvania, which is located in Westmoreland County, see Jones v. Shannon, 2008 WL 5111919, *2 (W.D. Pa. Dec. 2, 2008) (observing that SCI-Greensburg is in Westmoreland County); Hayden v. Freightcar America, Inc., 2008 WL 375762, *24 (W.D. Pa. Jan. 11, 2008) (observing that Greensburg is located in Westmoreland County).  Since Westmoreland County lies within the venue of the Western District of Pennsylvania, see 28 U.S.C. § 118(c); Durkin v. Paccar, Inc., 2010 WL 176851, *6 (E.D. Pa. Jan. 19, 2010); see also United States v. Boyd, 437 F. Supp. 519, 520 (W.D. Pa. 1977) (observing that state correctional facility in Greensburg is located in the Western District of Pennsylvania), that is the district where petitioner and his custodian are located.

  Although Lertzman may have been convicted in 1975 by a Pennsylvania court in this district, (Hab. Pet. ¶¶ 1-2), his petition does not challenge the lawfulness of that underlying conviction, (id. ¶ 12).  Instead, he challenges subsequent actions of the Pennsylvania Board of Probation and Parole ("Parole Board").  (Id.)  Under the circumstances in this case, it would be more practical and equitable to transfer Dorsey's application to the Western District of Pennsylvania since that is where he and his custodian are located.  See Harris, 2009 WL 3151191, at *1 (where § 2254 petitioner challenged actions of Parole Board and not the underlying convictions, Court transferred case to the district where petitioner and his custodian were located); Dockins v. Pa. Bd. of Probat'n and Parole, 2004 WL 2406691, *1 (E.D. Pa. Oct. 26, 2004) (same); Perez v. Lavan, 2004 WL 838147, *1 (E.D. Pa. Mar. 29, 2004) (same),

adopted, 2004 WL 1109691 (E.D. Pa. Apr. 14, 2004); Gellock, 1987 WL 7208, at *1 (same); Yacoubian v. Petsock, 1986 WL 2564, *1 (E.D. Pa. Feb. 25, 1986) (same).  Accordingly, this petition should be transferred, in the interest of justice, to the United States District Court for the Western District of Pennsylvania.  See Harris, 2009 WL 3151191, at *1-2; Dockins, 2004 WL 2406691, at *1; Perez, 2004 WL 838147, at *1; Gellock, 1987 WL 7208, at *1; Yacoubian, 1986 WL 2564, at *1.

     My Recommendation follows.

**R E C O M M E N D A T I O N**

**AND NOW**, this 12th day of March, 2010, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, for the reasons given in the accompanying Report, it is hereby **RECOMMENDED** that the Petition for Writ of Habeas Corpus be **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania.

    /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE