IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN LERTZMAN, AM-8857,   )
    Petitioner,            )
                          )
    v.                     ) 2:10-cv-454
                          )
PENNSYLVANIA BOARD OF     )
PROBATION AND PAROLE, et al., )
    Respondents.           )

MEMORANDUM and ORDER

MITCHELL, M.J.:

Allen Lertzman has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.[1] For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

The factual background to the petitioner's present incarceration is set forth in Exhibit A to the answer, and the attachments thereto, which is the declaration of Kimberly Barkley, an officer of the Pennsylvania Board of Probation and Parole ("the Board").

On September 29, 1980, petitioner was sentenced to a five to fifteen year period of incarceration for controlled substance violations by the Court of Common Pleas of Philadelphia County, Pennsylvania. On February 6, 1991, petitioner was released on parole. On March 13, 2000, the petitioner was recommitted to serve an additional twelve months as both a technical

---

[1] This action was originally filed in the United States District Court for the Eastern District of Pennsylvania and transferred to this Court on April 8, 2010.

1

and convicted parole violator. At that time the petitioner's maximum date was extended to January 2, 2007. On January 4, 2001, the petitioner was again released on parole and his maximum sentence expiration date was noted to be January 12, 2007. The petitioner was arrested in Florida on October 7, 2004 and convicted of drug charges. Following his release from Florida custody, on July 14, 2008, the petitioner was returned to Pennsylvania custody, a revocation hearing was held and in a decision rendered on September 12, 2008, the petitioner was recommitted as a convicted parole violator to serve 24 months of back time; his maximum sentence expiration date was recalculated to January 31, 2013, and the issue of reparole was subject to review "in or after July 2010". The petitioner was also advised of his appeal rights.[2] The petitioner filed an administrative appeal and as a result on February 10, 2009, the Board reduced the petitioner's back time to eighteen months with the review date set for "in or after January 2010."[3] As recently as February 23, 2010, release on parole was again denied.[4]

The petitioner has also sought judicial relief in the Commonwealth Court of Pennsylvania specifically alleging inter alia:

> Did the Parole Board violate the Ex Post Facto Clause in applying the new application to parole violators, post amendment to the parole act of 1996 by setting a review on or after as opposed to reparole circumventing the maximum presumptive ranges?[5]

On August 13, 2009, that Court concluded that the Board's decision did not violated the

---

[2] See: Exhibit A to the answer, attachment 14.

[3] See: Exhibit A to the answer at attachment 16.

[4] See; Exhibit A to the answer at attachment 18.

[5] See: Exhibit C to the answer.

*ex post facto* clause and affirmed the denial of relief.[6] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed at No. 163 ET 2009 and denied on February 18, 2010.[7]

The instant petition was executed on January 18, 2010.[8] In his petition, Lertzman contends he is entitled to relief on the following ground:

> He was originally sentenced to a five to fifteen year period of incarceration in 1980[9]; that at the time of his sentence, the applicable parole provisions provided that upon finding a violation had occurred the prisoner was to be re-paroled on a date certain; that the parole act was amended in 1995 so as to eliminate this re-parole date presumption, and that as such, his present incarceration violates the *ex post facto* prohibitions of both the United States and Pennsylvania Constitutions by prolonging his incarceration.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973);

---

[6] See: Exhibit E to the answer.

[7] See: Exhibits H and G to the answer.

[8] The petition was executed during the pendency of the petition for allowance of appeal. However, that petition was subsequently denied. Thus, the state court remedies were exhausted during the time in which the instant petition was pending in federal court.

[9] The record appears to reflect that this sentence was effective on April 26, 1983 (Exhibit E at p.2).

Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's

4

decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

Since it appears that the issue which the petitioner seeks to raise here has also been presented to the courts of the Commonwealth for their consideration in the first instance, it is properly before this Court for consideration.

The factual background and chronology are fully set forth in the August 13, 2009 Memorandum Opinion of the Commonwealth Court:

> On April 26, 1983, Lertzman was effectively sentenced to a term of five to fifteen years for possession with intent to deliver a controlled substance. On April 23, 1989, Lertzman was paroled to an approved home plan in Florida. In a decision recorded on October 15, 1990 ... the Board recommitted Lertzman as a technical and convicted parole violator to serve six months back time...
>
> On February 6, 1991, the Board paroled Lertzman to an approved home plan in Fort Lauderdale, Florida. The Board declared Lertzman delinquent effective June 25, 1991. In a decision recorded March 13, 2000 ... the Board recommitted Lertzman to serve twelve months as a technical parole violator.. [and] as a convicted parole violator... On January 4, 2001, the Board reparoled Lertzman to an approved home plan in Tamarac, Florida... In a decision recorded on March 26, 2003 ... Lertzman was again recommitted as a convicted parole violator to serve six months back time ... On June 3, 2004, Lertzman was reparoled to an approved home plan in Tamarac, Florida.
>
> On October 7, 2004, the Broward County Sheriff's Office arrested Lertzman for possession of cocaine... he was sentenced to thirty months with credit for one hundred ninety-two days of time served.
>
> On January 12, 2007, the Board issued a warrant to arrest and detain Lertzman... On July 14, 2008, Lertzman was returned to the custody of the Board.

> The Board held a revocation hearing on September 5, 2008... Lertzman admitted to the [Florida] convictions.
>
> In a decision recorded September 12, 2008 ... the Board recommitted Lertzman as a convicted parole violator to serve twenty-four months back time with a review date "in or after July 2010," and recalculated his maximum sentence date as January 31, 2013. On February 10, 2009, the Board modified the recommitment decision from twenty-four months to eighteen months and the review date from "in or after July 2010," to "in or after January 2010 ..."[10]

In essence the petitioner's argument here, as in the courts of the Commonwealth, is that as to him the application of the 1996 revisions of the Pennsylvania Parole Act which appear to place greater emphasis on a parolee's potential danger to the community violates the *ex post facto* prohibitions of both the United States and Pennsylvania Constitutions, and that the amended statute does not provide for the establishment of a new presumptive parole date but rather only sets forth a time after which a prisoner is eligible to have his parole application reconsidered.

"One function of the *Ex Post Facto* clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249-250 (2000); Richardson v. Pennsylvania Bd. Of Probation, 423 F.2d 282, 284 (3d Cir.2005). Thus, the question here is whether or not the 1996 amendments of the Pennsylvania parole laws, as applied to the petitioner, enhanced his punishment since as the Court observed in Michens-Thomas v. Vaughn, 321 F.3d 374, 387 (3d Cir. 2003), the changes put much greater emphasis on public safety in reaching parole determinations. Thus, while the change could be construed as an *ex post facto* violation, the Pennsylvania Supreme Court in addressing these changes concluded that in order for the changes to constitute such a violation, a petitioner must

---

[10] See: Exhibit E to the answer at pp.2-4.

demonstrate "that he faces a significant risk of an increase in punishment" as a result of the change in emphasis. Cimaszewski v. Board Of Probation and Parole, 582 Pa 27 (2005).

In its analysis in Richardson, supra., the Court of Appeals observed that in the later denials of parole, danger to the community was only one of the many criteria employed in reaching the decision. Thus, unlike the situation the Court reviewed in Mickens-Thomas, supra., danger to the community was not the sole factor considered. In a similar manner, in recommitting Lertzman on March 26, 2003, the Board cited the petitioner's conviction while on parole; his acknowledgment of the conviction; his pattern of parole failures; his lack of amenability to parole supervision and prior parole/probation failures.[11] On September 12, 2008, the petitioner was recommitted based on his conviction while on parole; his acknowledgment of that conviction and his pattern of parole failure.[12] Finally, on February 23, 2010, the petitioner was denied release on parole based on his institutional behavior including reported misconducts; his risk to the community; his prior unsatisfactory parole history; his failure to demonstrate motivation for success; his refusal to accept responsibility or demonstrate remorse for the offenses and his "long criminal history with assaultive behavior".[13]

Thus, the record clearly demonstrates that in the decisions to recommit the petitioner and deny his parole applications under the terms of the amended act, danger to the community was only one of the factors considered by the Board. As such no enhancement of his sentence occurred.

---

[11] See: Attachment 5 to Exhibit A to the answer.

[12] See: Attachment 14 to Exhibit A to the answer.

[13] See: Attachment 18 to Exhibit A to the answer.

Additionally, the long applicable Pennsylvania Provisions regarding recommitment of a parole violator, 61 Pa.C.S. 6138, provide that upon reentering the penal system, a parolee must serve the full term of imprisonment to which he was sentenced, less any time served prior to being paroled. Section 331.21 of 61 P.S. does not create a mandatory expectation of release on parole but rather has been determined to be a matter of grace. An inmate is merely assured of the right to petition for release. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here unless the petitioner can demonstrate that the denial of parole was based on "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980). No such showing is made here.

Thus because the petitioner's sentence has not been unlawfully enhanced by the change in emphasis in the parole guidelines since the time of his original conviction, and his right to petition for release has not been abridged, and because parole has in no way been arbitrarily denied, the petition here is without merit. For this reason, no violation of clearly established federal law as interpreted by the United States Supreme Court has occurred.

Accordingly, the petition of Allen Lertzman for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of

appealability will be denied.

       An appropriate Order will be entered.

ORDER

AND NOW, this 24th day of June 2010, for the reasons set forth in the foregoing Memorandum, the petition of Allen Lertzman for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS ALSO ORDERED that the petitioner's motion for discovery and to compel are dismissed.

s/ Robert C. Mitchell
United States Magistrate Judge